UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CARLOS CARRILLO,

    Plaintiff,                                                 CASE NO.:

vs.

PRESS & PROFIT, LLC,
a Florida Profit Corporation,
d/b/a VIENNA COFFEE

    Defendant.
_____/

**COMPLAINT**

COMES NOW the Plaintiff, CARLOS CARRILLO (hereinafter "CARRILLO"), by and through the undersigned Counsel, and sues the Defendant, PRESS & PROFIT, LLC, a Florida Profit Corporation, d/b/a VIENNA COFFEE, (hereinafter "VIENNA COFFEE "), and alleges the following:

**JURISDICTION AND VENUE**

1. This is a civil action alleging violations of the Fair Labor Standards Act, with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over Plaintiff's claim arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

4. All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

**PARTIES**

5. At all times material hereto, VIENNA COFFEE was duly authorized and licensed to do business in Palm Beach County, Florida, with its principal address at 1300 SW 10th Street, Suite 3, Delray Beach, Florida, 33444 wherein it provided and continues to provide commercial coffee machines, flavored coffees, and other products to customers, offices, and restaurants throughout South Florida. Additionally, VIENNA COFFEE services the machines.

6. At all times material hereto, PRESS & PROFIT, LLC, was a privately held company in Boca Raton, Florida with estimated annual revenue between $2.5 and $5 Million doing business as VIENNA COFFEE.

7. In the advancement of its business, VIENNA COFFEE employed at least two (2) employees within the meaning of the FLSA.

8. In the advancement of its business, VIENNA COFFEE engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

9. At all times material hereto, CARRILLO was a resident of Palm Beach County, Florida, and was an "employee" of Palm Beach County-based VIENNA COFFEE as defined by the FLSA.

10. VIENNA COFFEE controlled CARRILLO's duties, hours worked, and compensation. Accordingly, VIENNA COFFEE was CARRILLO's "employer" as defined by the FLSA.

**GENERAL ALLEGATIONS**

11.	Plaintiff CARRILLO was initially employed at VIENNA COFFEE in on or about July 2014 as a full-time Router. After six (6) months, CARRILLO was promoted to Service Technician and remained continuously employed by VIENNA COFFEE through approximately June 2019.

12.	Plaintiff CARRILLO initially made $10.00 per hour, and his hourly pay was increased to $14.00 per hour when he was promoted to Service Technician.

13.	Plaintiff CARRILLO received a raise at approximately $1.00 an hour each year, ultimately obtaining an hourly rate at $18.00 an hour.

14.	Plaintiff CARRILLO regularly worked between five (5) and seven (7) days per week from 2014 through to 2019, each week starting between 9:00 am and 10:00 am and ending each day at 7pm.

15.	Accordingly, Plaintiff CARRILLO would work between forty-five (45) and sixty-five (65) hours per week.

16.	For the year, 2019, with a rate of pay of $18.00 per hour and an average of fifteen (15) overtime worked per week from January 1, 2019 to June 30, 2019 (25.5 weeks), at time and 1 ½ per hour ($27.00 per hour), Plaintiff CARRILLO should have been paid an additional **$3,442.50** in overtime benefits representing the ½ time hourly rate.

17.	For the year 2018, with a rate of pay of $17.00 per hour and an average of fifteen (15) overtime worked per week from January 1, 2018 to December 31, 2018 (52 weeks), at time and 1 ½ per hour ($25.50 per hour), Plaintiff CARRILLO should have been paid an additional **$6,630.00** in overtime benefits representing the ½ time hourly rate.

18. For the year 2017, with a rate of pay of $16.00 per hour and an average of fifteen (15) overtime worked per week from January 1, 2017 to December 31, 2017 (52 weeks), at time and 1 ½ per hour ($24.00 per hour), Plaintiff CARRILLO should have been paid an addi*tional* **$6,240.00** in overtime benefits representing the 1/2 time hourly rate.

19. For the year 2016, with a rate of pay of $15.00 per hour and an average of fifteen (15) overtime worked per week from January 1, 2016 to December 31, 2016 (52 weeks), at time and 1/2 per hour ($22.50 per hour), Plaintiff CARRILLO should have been paid an additional **$5,850.00** in overtime benefits representing the ½ time hourly rate.

20. For the year 2015, with a rate of pay of $14.00 per hour and an average of fifteen (15) overtime worked per week from January 1, 2014 to December 31, 2014 (52 weeks), at time and 1 ½ per hour ($21.00 per hour), Plaintiff CARRILLO should have been paid an additional **$5,460.00** in overtime benefits representing the ½ time hourly rate.

21. For the year 2014, with a rate of pay of $10.00 per hour and an average of 15 overtime worked per week from July 1, 2014 to December 31, 2014 (26 weeks), at time and 1 ½ per hour ($15.00 per hour), Plaintiff CARRILLO should have been paid an additional **$1,950.00** in overtime benefits representing the ½ time hourly rate.

22. For the years of 2014 through 2019, at the aforementioned rates of hourly pay, Plaintiff should have received a total of **$29,572.00** in additional overtime pay from VIENNA COFFEE.

23. Notwithstanding the fact that CARRILLO worked more than forty (40) hours per week, VIENNA COFFEE never properly paid Plaintiff CARRILLO for overtime hours.

24. From July 2014 through June 2019, VIENNA COFFEE never paid Plaintiff CARRILLO time and a half for a single hour of overtime.

25. Throughout his employment with VIENNA COFFEE, CARRILLOS exhibited exemplary job performance.

26. VIENNA COFFEE controlled CARRILLO's duties, hours worked, and compensation, yet attempted to classify CARRILLO as an "independent contractor" and provided him with an IRS Form 1099-MISC for compensation CARRILLO made each year.

27. In an effort to further disguise CARRILLO's status as an employee as defined under the FLSA, VIENNA COFFEE , on January 28, 2019, forced upon CARRILLO an "Independent Contractor Agreement" which CARRILLO executed without the benefit of advice from counsel and/or an accountant.

28. While the VIENNA COFFEE classified CARRILLO as an "independent contractor," the nature of the services he performed and the manner in which he performed said services, made it clear that Plaintiff was actually an employee. VIENNA COFFEE was in complete control of the manner in which CARRILLO and the other "independent contractors" performed their services.

**COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**

29. Plaintiff CARRILLO realleges and incorporates the allegations in paragraphs 1 through 28 above as if fully set forth herein.

30. Under the Fair Labor Standards Act, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

31. "Any employer who violates the provisions of Section 207 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

32. CARRILLO brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that he is entitled to the following: (a) unpaid overtime wages as listed above, and (b) liquidated damages.

33. CARRILLO seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

## COUNT II- QUANTUM MERUIT

34. Plaintiff CARRILLO realleges and incorporates the allegations in paragraphs 1 through 28 above as if fully set forth herein.

35. As an "independent contractor", CARRILLO provided a benefit to VIENNA COFFEE by performing work as an employee under the law, worked well in excess of 40 hours a week while providing services for VIENNA COFFEE, but was never provided with time and one half his regular rate of pay for hours worked greater than forty (40) in a week.

36. Although CARRILLO was actually an employee, VIENNA COFFEE failed to pay for that benefit by misclassifying CARRILLO as an independent contractor and avoided any obligation to pay payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits.

37. Moreover, as an "independent contractor", CARRILLO was required to pay self-employment tax calculated at a higher percentage of his earnings than if he was properly classified as an employee.

38. VIENNA COFFEE'S conduct, as set forth above, in avoiding overtime compensation through misclassifying CARRILLO as an independent contractor renders them liable under the common law doctrine of quantum meruit.

## PRAYER FOR RELIEF

39. **WHEREFORE** Plaintiff, CARLOS CARRILLO prays for:

   a. That the Court find the CARRILLO was an employee of the Defendant, PRESS & PROFIT, LLC, a Florida Profit Corporation, d/b/a VIENNA COFFEE, under the FLSA and not an independent contractor, that VIENNA COFFEE was in violation of the overtime compensation provisions of the FLSA and that Defendants' violation of the FLSA was and is willful;

   b. That the Court award CARRILLO overtime compensation for all the previous hours worked over forty (40) hours, that he was not paid at least one and one-half time compensation for in any given week during the past three years to be calculated as the difference between the one and one-half time compensation rate and the regular rate of pay which was paid for hours worked in excess of forty (40), AND liquidated damages of an equal amount of the minimum compensation; in addition interest on said award pursuant to 216 of the FLSA;

   c. Reimbursement of self-employment tax unnecessarily paid by CARRILLO as a result of his misclassification;

   d. Pre- and post-judgment interest as provided by law;

   e. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA. AND

   f. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## **JURY TRIAL DEMAND**

Plaintiff, CARLOS CARRILLO, demands a trial by jury on all issues so triable.

Dated January 27, 2020.

Respectfully submitted,

**Sconzo Law Office, P.A**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
JOSEPH G. SCONZO, ESQUIRE
Florida Bar No.: 0508720
(Of Counsel)
**Primary Email:** greg@sconzolawoffice.com
**Secondary Email:** jgs@joesconzo.com